IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**IDS PROPERTY CASUALTY INSURANCE COMPANY**, a foreign insurance company

　　　　　Plaintiff,

v.

**MICHELLE MULLINS** and **RYAN MULLINS**,

　　　　　Defendants,

Civ. No. 6:14-cv-01344-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

On January 31, 2014, defendant Ryan Mullins (Mr. Mullins) was involved in a serious car accident as a passenger. Mr. Mullins exhausted the driver's policy limits and subsequently sought Underinsured Motorist (UIM) benefits as a "resident relative"[1] under a policy issued to his mother, defendant Michelle Mullins (Ms. Mullins). The insurance provider, plaintiff IDS Property Casualty Insurance Company (IDS), filed this action for declaratory relief seeking a rescission and no coverage.

This Court is asked to consider whether alleged misrepresentations made by Ms. Mullins may preclude coverage as to Mr. Mullins under the fraud provision of the insurance policy. Because the fraud provision is limited to the insured party *who* commits the fraudulent act, alleged misrepresentations made by Ms. Mullins do not preclude coverage as to Mr. Mullins

---

[1] "**Resident relative** means a person related to **you** by blood, marriage, or adoption who resides in **your** household. This includes a ward or foster child." Compl. 9, ECF No. 1-2 (emphasis in original).

1 – OPINION AND ORDER

under that provision. Thus, defendant's motion for partial summary judgment, ECF No. 29, is GRANTED IN PART and DENIED IN PART, and defendant's motion in limine to exclude evidence, ECF No. 35, is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of an insurance claim under a motor vehicle policy, which was effective from October 6, 2013 to April 6, 2014. *See* Compl. 1, ECF No. 1-2.

On October 5, 2013, Ms. Mullins contacted IDS to contract a motor vehicle policy. *See id.* at 2, ECF No. 1. During that telephone conversation, Ms. Mullins informed IDS that her son, Mr. Mullins, did not live at her residence. *Id.* at 3; Notice of Conventional Filing Ex. B, ECF No. 36 (compact disk filed conventionally).

On January 24, 2014, Ms. Mullins contacted IDS to add an additional vehicle and update her address. Compl. 3, ECF No. 1. Ms. Mullins again informed IDS that Mr. Mullins did not live at her residence. *Id.* at 3; Notice of Conventional Filing Ex. D, ECF No. 37 (compact disk filed conventionally).

On January 31, 2014, Mr. Mullins was involved in a motor vehicle[2] collision as a passenger and sustained severe injuries. *See* Ryan Mullins's Answer 4, ECF No. 7. Mr. Mullins exhausted the driver's policy limits and subsequently sought UIM as a "resident relative" under Ms. Mullins's policy. *See id.*

On May 20, 2014, IDS examined Ms. Mullins and Mr. Mullins under oath. Ms. Mullins testified that Mr. Mullins moved in with her in December 2013. *See* Decl. of Daniel E. Thenell 4–6, 10, ECF No. 33-1. Mr. Mullins also testified that he moved in with Ms. Mullins in December 2013. *See* Decl. of Daniel E. Thenell 4–5, ECF No. 33-2.

---

[2] The vehicle at issue was owned and driven by Jason Ray Gibbs. *See id.*

2 – OPINION AND ORDER

On August 20, 2014, IDS filed this action seeking two counts of declaratory relief: rescission and no coverage. *See* Compl. 6–8, ECF No. 1.

## STANDARD OF REVIEW

This Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Mr. Mullins moves for summary judgment as to both of plaintiff's declaratory relief counts: rescission and no coverage. Mr. Mullins asserts that he is entitled to judgment in his favor as to both claims under ORS § 742.456,[3] *Walker v. Fireman's Fund Ins. Co.*, 114 Or. 545

---

[3] ORS § 742.456 provides:

> The liability of an insurer with respect to the motor vehicle liability insurance policy required by ORS 806.060, 806.240 or 806.270 shall become absolute whenever injury or damage covered by the policy occurs. The policy may not be canceled or annulled as to such liability by any agreement between the insurer and the insured after the occurrence of the injury or damage. No statement made by the insured or on behalf of the insured and in violation of the policy shall defeat or void the policy. This section does not apply to motor vehicle liability insurance policies other than those required in connection with ORS 806.060, 806.240 or 806.270.

3 – OPINION AND ORDER

(1925), and the terms of the contract. Because this Court finds that the terms of the contract are sufficient to settle the issue, this Court's inquiry focuses on those terms and Mr. Mullins's related motion in limine.

## I. The Contract

Interpretation of an insurance policy is a question of law, and this Court's task is to ascertain the intention of the parties to the insurance policy. *Hoffman v. Foremost Signature Ins. Co.*, 989 F. Supp. 2d 1070, 1079 (D. Or. 2013) (citation and internal quotation marks omitted). The parties' intent is determined by the terms and conditions of the underlying policy. *See Holloway v. Republic Indemnity Co. of Am.*, 341 Or. 642, 649–50 (2006) (citation omitted). "If the policy does not define the phrase in question, [this Court] resort[s] to various aids of interpretation to discern the parties' intended meaning." *Id.* at 650 (citation and internal quotation marks omitted). Under that framework, this Court first considers whether the phrase in question has a plain meaning. *Id.* (citation omitted). "If the phrase in question has more than one plausible interpretation," this Court will then "'examine the phrase in light of the particular context in which that [phrase] is used in the policy and the broader context of the policy as a whole.'" *Id.* (citations omitted). "If the ambiguity remains after [this Court] has engaged in those analytical exercises, then any reasonable doubt as to the intended meaning of such [a] term[ ] will be resolved against the insurance company." *Id.* (citations and internal quotation marks omitted). However, "a term is ambiguous ... *only* if two or more plausible interpretations of that term withstand scrutiny." *Id.* (emphasis in original) (citations and internal quotation marks omitted).

The contract provides, in relevant part:

**Fraud**

>We do not provide coverage for any **insured**[4] or person making claim under this policy who, whether before or after a loss, has:
>
>1. Intentionally concealed or misrepresented any material fact or circumstance;
>
>2. Engaged in fraudulent conduct; or
>
>3. Made false representations;
>
>relating to this insurance and/or in connection with any accident or loss for which coverage is sought under this policy.

Compl. 22, ECF No. 1-2 (emphasis in original). The parties dispute whether Ms. Mullins's alleged misrepresentations preclude coverage *as to Mr. Mullins* under this fraud provision. This Court, having reviewed the terms and conditions of the underlying policy, can only derive a single *reasonable* plain meaning from the terms of the fraud provision: coverage is not provided to an insured party *who* commits a fraudulent act. As a result, this provision only applies to Mr. Mullins to the extent that *he committed* a fraudulent act as defined in the contract.

## II. Motion in Limine

Mr. Mullins also moves to exclude audio recordings of conversations between Ms. Mullins and IDS on October 5, 2013 (Ex. B) and January 24, 2014 (Ex. D) under ORS §§

---

[4] **Insured** means:

>1. **You** or a **resident relative**.
>
>2. Any person using **your insured vehicle**.
>
>3. Any person or organization but only with respect to legal responsibility for acts or omissions of:
>
>>a. A person covered under this Part while using **your insured vehicle**; or
>>
>>b. **You** or a **resident relative** covered under this Part while using a vehicle or **trailer** other than **your insured vehicle** if the vehicle or **trailer** is not owned or hired by that person or organization. . . .

Compl. 10, ECF No. 1-2.
5 – OPINION AND ORDER

742.013 and 742.016. *See* Def. Ryan Mullins's Mot. in Limine 1–4, ECF No. 35. Those statutory provisions provide in relevant part:

### ORS § 742.013

(1) All statements and descriptions in any application for an insurance policy by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealments of facts and incorrect statements shall not prevent a recovery under the policy unless the misrepresentations, omissions, concealments of fact and incorrect statements:

> (a) Are contained in a written application for the insurance policy, and a copy of the application is indorsed upon or attached to the insurance policy when issued;
>
> (b) Are shown by the insurer to be material, and the insurer also shows reliance thereon; and
>
> (c) Are either:
>
> > (A) Fraudulent; or
> >
> > (B) Material either to the acceptance of the risk or to the hazard assumed by the insurer.

### ORS § 742.016

(1) Except as provided in ORS 742.043, every contract of insurance shall be construed according to the terms and conditions of the policy. When the contract is made pursuant to a written application therefor, if the insurer delivers a copy of such application with the policy to the insured, thereupon such application shall become a part of the insurance policy. Any application that is not so delivered to the insured shall not be a part of the insurance policy and the insurer shall be precluded from introducing such application as evidence in any action based upon or involving the policy. Any oral representations by the insured that are not included in an application shall not be a part of the insurance policy and the insurer shall be precluded from introducing such representations as evidence in any action based upon or involving the policy.

Mr. Mullins, in reliance on these provisions, contends that IDS "is not entitled to use" the exhibits because they "are oral representations that were not included in a written application

6 – OPINION AND ORDER

which was made part of the insurance policy when issued." Def. Ryan Mullins's Mot. in Limine 2, ECF No. 35. In response, IDS argues that these provisions are not rules of evidence and that the recordings are relevant as to whether Mr. Mullins qualifies as a "resident relative" at the time of the accident. Because of limitations in the briefings and IDS's evolving theory of the case, this Court declines to exclude *all* consideration of these exhibits at this time.[5] For example, if Mr. Mullins did not reside in Ms. Mullins's household at the time of the accident, then these recordings, particularly exhibit D, support IDS's theory independent of any contract interpretation relating to misrepresentation.

## CONCLUSION

For these reasons, defendant's motion for partial summary judgment, ECF No. 29, is GRANTED IN PART and DENIED IN PART, and defendant's motion in limine to exclude evidence, ECF No. 35, is GRANTED IN PART and DENIED IN PART. The parties shall confer to determine whether an amended complaint is necessary. If an agreement is not reached, IDS shall submit an amended complaint clarifying its sought declaratory relief within **thirty days** of the date of this order.

IT IS SO ORDERED.

DATED this 12th day of May, 2015.

                                         **Michael J. McShane**
                                         **United States District Judge**

---

[5] This Court notes that § 742.013(1) "limits the circumstances under which an insurer may rescind the insurance contract." *James River Ins. Co. v. Breitenbush Hot Springs & Conference Ctr.*, No. Civ. 04-6139-HO, 2005 WL 1278942, at *1 (D. Or. May 25, 2005).

7 – OPINION AND ORDER