IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**IDS PROPERTY CASUALTY INSURANCE COMPANY**, a foreign insurance company,

    Plaintiff,

v.

**MICHELLE MULLINS** and **RYAN MULLINS**,

    Defendants.

Civ. No. 6:14-cv-01344-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

On January 31, 2014, defendant Ryan Mullins (Mr. Mullins) was involved in a serious car accident as a passenger. Mr. Mullins exhausted the driver's policy limits and subsequently sought Underinsured Motorist (UIM) benefits as a "resident relative" under a policy issued to his mother, defendant Michelle Mullins (Ms. Mullins). The insurance provider, plaintiff IDS Property Casualty Insurance Company (IDS), filed this action for declaratory relief from this Court allowing IDS to rescind the underlying contract and provide no coverage to Mr. Mullins based on alleged misrepresentations by Ms. Mullins and because IDS contests whether Mr. Mullins was a "resident relative" under the policy.

Ms. Mullins now moves this Court to grant summary judgment against IDS' rescission claim.[1] Because the underlying policy explicitly prescribes a series of remedies in various inapplicable or non-operative provisions, none of which include rescission under the

---

[1] Notably, Defendants also moved for summary judgment, to dismiss, *in limine*, to strike, and for a more definite statement. *See* ECF Nos. 65 & 69. This Court resolved those motions during oral argument on December 15, 2015, as reflected in the record and the Minutes of Proceedings. ECF No. 78.

1

circumstances underlying this case, IDS' claim for rescission fails. Ms. Mullins' motion for summary judgment as to that claim, ECF Nos. 69, is therefore GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of an insurance claim under a motor vehicle policy, which was effective from October 6, 2013 to April 6, 2014. *See* Compl. 1, ECF No. 1-2.

On October 5, 2013, Ms. Mullins contacted IDS to contract a motor vehicle policy. *See id.* at 2, ECF No. 1. During that telephone conversation, Ms. Mullins informed IDS that her son, Mr. Mullins, did not live at her residence. *Id.* at 3; Notice of Conventional Filing Ex. B, ECF No. 36 (compact disk filed conventionally).

On January 24, 2014, Ms. Mullins contacted IDS to add an additional vehicle and update her address. Compl. 3, ECF No. 1. Ms. Mullins again informed IDS that Mr. Mullins did not live at her residence. *Id.* at 3; Notice of Conventional Filing Ex. D, ECF No. 37 (compact disk filed conventionally).

On January 31, 2014, Mr. Mullins was involved in a motor vehicle[2] collision as a passenger and sustained severe injuries. *See* Ryan Mullins's Answer 4, ECF No. 7. Mr. Mullins exhausted the driver's policy limits and subsequently sought UIM benefits as a "resident relative" under Ms. Mullins's policy. *See id.*

On May 20, 2014, IDS examined Ms. Mullins and Mr. Mullins under oath. Ms. Mullins testified that Mr. Mullins moved in with her in December 2013. *See* Decl. of Daniel E. Thenell 4–6, 10, ECF No. 33-1. Mr. Mullins also testified that he moved in with Ms. Mullins in December 2013. See Decl. of Daniel E. Thenell 4–5, ECF No. 33-2.

---

[2] The vehicle at issue was owned and driven by Jason Ray Gibbs. *See id.*

On August 20, 2014, IDS filed this action seeking two counts of declaratory relief: rescission and no coverage. *See* Compl. 6–8, ECF No. 1.

On May 12, 2015, this Court granted in part and denied in part a motion *in limine* and a motion for partial summary judgment, ECF Nos. 29 & 35, disallowing IDS from employing the fraud provision of the underlying policy to deny coverage to Mr. Mullins based on alleged misrepresentations of Ms. Mullins. *See* Opinion & Order, ECF No. 45, 5, 7. Thereafter, IDS filed the Amended Complaint, ECF No. 64.

On October 1, 2015, Defendants filed the current motions for summary judgment, to dismiss, *in limine*, to strike, and for a more definite statement. *See* ECF Nos. 65, 69. Oral argument on the instant motions was held on December 15, 2015, ECF No. 78, and the single remaining unresolved motion is now ready for decision.

## **STANDARD OF REVIEW**

This Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).

## **DISCUSSION**

Ms. Mullins moves for summary judgment against IDS' claims against her under four alternative theories. In this opinion, I address a single theory: because IDS seeks rescission under and based on the policy at issue and the policy does not expressly provide for cancellation or rescission in the circumstances underlying this case, Ms. Mullins is therefore entitled to summary judgment on the rescission claim as a matter of law.

Ms. Mullins contends that IDS cannot point to any provision in the underlying policy that specifically grants it the ability to rescind the policy based on the alleged misrepresentations at issue or other circumstances in this case, and therefore IDS cannot rescind the policy. Ms. Mullins' Mot. Summ. J., 6–7, ECF No. 69.

IDS argues that the Amended Complaint, ECF No. 64, "does not cite a specific provision of the policy and speaks more generally to the 'terms and conditions' of the policy." IDS' Resp. to Ms. Mullins' Mot., 5, ECF No. 71. IDS then refers the Court to the "Cancellation of This Policy" provision, which allows IDS to cancel for "fraud or material misrepresentation affecting this policy or in the presentation of a claim." Policy, 22, ECF No. 64-1. That provision, however, remains operative only "during the policy period." *Id.* The policy period ended April 6, 2014. Policy, 2, ECF No. 64-1. That limitation, taken in conjunction with the lack of any additional policy provision allowing rescission under the current circumstances of this case, is fatal to IDS' rescission claim.

I find that Ms. Mullins is correct insofar as she argues that IDS invokes no single *operative* provision to support its request for favorable declaratory relief regarding its right to rescind. I do identify *non*-operative provisions in the policy that allow for cancellation during the policy's term, which has ended, as well as provisions allowing for individual claim denial when

4

such a claim is based on a misrepresentation. Neither provision provides for complete rescission pursuant to the terms of the contract, which is precisely the right that IDS asks this Court to declare in its first claim for relief. Ms. Mullins is therefore entitled to summary judgment against IDS' first claim for complete rescission of the underlying insurance contract.

## CONCLUSION

For these reasons, Defendant Michelle Mullins' motion for summary judgment as to IDS' rescission claim, ECF No. 69, is GRANTED and IDS' first claim for declaratory relief as to rescission is DISMISSED. Defendant Ryan Mullins' motion for summary judgment as to rescission, which is the single unresolved motion in Defendant Ryan Mullins' omnibus motion, ECF No. 65, is DENIED as moot.

IT IS SO ORDERED.

DATED this 15 day of December, 2015.

_____
Michael J. McShane
United States District Judge