IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IDS PROPERTY CASUALTY
INSURANCE COMPANY, a foreign
insurance company,

    Plaintiff,

v.

MICHELLE MULLINS and RYAN
MULLINS,

    Defendants.

Civ. No. 6:14-cv-01344-MC

OPINION AND ORDER

McShane, Judge:

The underlying issue in this dispute centered on the answer to a simple question: Was Defendant Ryan Mullins a resident in his mother's house at the time of his accident? Rather than resolve this issue in the day it would have taken to present the available evidence to a trier of fact, the parties engaged in an alternative form of dispute resolution called litigation. Ms. Mullins was brought into the case for no apparent reason, counterclaims were pursued, pleadings were amended, five motions to dismiss were filed along with three motions for summary judgment, a sur-response was needed to support a protective order request, and dismissive derision was peppered throughout the legal briefs. When the dust settled 21 months after the controversy began, the question of Mr. Mullins's residency remained unanswered. The attorneys promptly settled the matter for $40,000 without the question ever being resolved.

Defendants have now separately filed motions for attorney fees. Defendant Michelle Mullins (now named Michelle Ward) seeks attorney fees in the amount of $59,250.00[1] (ECF No. 80) following a grant of summary judgment in her favor (ECF No. 79). Defendant Ryan Mullins seeks attorney fees in the amount of $148,190.00[2] (ECF No. 117) following a Judgment in his favor in the amount of $40,000, exclusive of attorney fees and costs.[3] ECF No. 112.

Plaintiff contests each of the instant motions. *See* ECF Nos. 116, 119. For the reasons below, the Court GRANTS each motion IN PART and awards reduced amounts.

## STANDARD

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That method multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). The court then decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

---

[1] Representing 197.5 hours or work at a rate of $300.00 per hour for attorney Isaac Jackson.

[2] Representing 423.4 hours of work at a rate of $350.00 per hour for attorney Clinton Jones.

[3] Judgment was entered followed an agreed-upon Offer of Judgment submitted pursuant to Federal Rule of Civil Procedure ("Rule") 68. ECF No. 111.

## DISCUSSION

I.  **Michelle Ward's Motion**

Michelle Ward is Ryan Mullins's mother. She purchased the insurance policy under which Mr. Mullins sought underinsured motorist coverage. She was not involved in the motor vehicle accident giving rise to this litigation and she made no claim under the policy. Despite her absence from any controversy in this case, Plaintiff sued her and she correspondingly filed multiple counterclaims.

Ms. Ward, along with her counterclaims and amended counterclaims, was dismissed from this action. *See* ECF No. 23 and ECF 28; *see also* ECF No. 79 (granting summary judgment in Ms. Ward's favor against IDS's claim for declaratory relief as to its First Claim for Rescission). Ms. Ward seeks attorney fees under both ORS 742.061, which governs attorney fee awards in actions on insurance policies, and ORS 20.105, which governs attorney fee awards in the context of unreasonable claims and bad faith litigation.

The attorneys representing Ms. Ward and Mr. Mullins thought "it would be beneficial as a matter of office organization and procedural clarity to separate the work load between" themselves and have conceded that any work performed on behalf of Ms. Ward "was never for her benefit . . . it was solely for the benefit of and necessary for Ryan Mullins's underinsured motorist claim." Def. Michelle Mullins Mot. for Atty. Fees, 3, ECF No. 80. While I understand defense counsel's reasoning, the fact remains that Ms. Ward's presence as anything other than a witness in the case provided no benefit to resolving the single issue in controversy: whether her son was covered under the policy as a resident relative.

With this in mind, I agree with IDS that there is no basis for an independent recovery of attorney fees for Ms. Ward under ORS 742.061, which addresses attorney fees for insureds who

have submitted proof of loss. While Ms. Ward is the policyholder, it was her son who was the insured submitting proof of loss. Under these circumstances, Ms. Ward is not entitled to attorney fees under ORS 742.061.

Ms. Ward's second argument, that she is entitled to attorney fees under ORS 20.105, has more merit. This litigation did not require the Plaintiff to sue Ms. Ward to resolve a discreet dispute with Mr. Mullins. In this respect, the lawsuit that IDS brought against its own policyholder was frivolous. That said, much of the response by Ms. Ward (outside of the Motion for Summary Judgment that removed her from the case) was equally unnecessary and without legal merit. As such, Ms. Ward is entitled to those attorney fees necessary to answer the complaint and to defend her Motion for Summary Judgement, nothing more.

## II.   Ryan Mullins's Motion

Defendant Ryan Mullins moves for $148,190.00 in fees following the accepted offer of judgment for $40,000.00 on his counterclaim for breach of contract. ECF No. 117. IDS argues against Mr. Mullins's motion as follows: (1) attorney fees are not recoverable in a declaratory relief action; (2) attorney fees following the initial offer of judgment are improper under Rule 68(d); and (3) the attorney fees requested here are unreasonable.

### A. Availability of Attorney Fees in a Declaratory Relief Action

The parties stake out opposing positions on the fundamental issue of whether, under Oregon law, attorney fees are available for a prevailing defendant on a declaratory action brought by an insurer against an insured to determine coverage requirements.

IDS is correct that Oregon law provides no attorney fees to a prevailing defendant in a discreet action for declaratory judgment regarding the scope of the coverage of an insurance policy. *McGraw v. Gwinner*, 282 Or. 393, 400, 578 P.2d 1250, 1253 (1978). However, as Mr.

Mullins correctly identifies, that principle is limited to cases in which the defendant insured receives no money judgment. *Id.* at 1253 ("the insured must recover a money judgment against the insurer; it is not sufficient that the insured establish coverage which may in turn lead to a subsequent recovery of money"). In situations, as here, where the defendant insured successfully recovers on a counterclaim, he is entitled to the recovery of statutory attorney fees under ORS 742.061. The mere fact that IDS arrived at the courthouse first seeking declaratory relief does not preclude Mr. Mullins from recovering attorney fees when he successfully counterclaimed for loss under the policy.

### B. Fees Following the Offer of Judgment

IDS next seeks to discount from Mr. Mullins's fee motion any costs incurred after IDS's initial offer of judgment. The offer of judgment that Mr. Mullins ultimately accepted in this case was initially tendered on March 16, 2016. This is undisputed. Mr. Mullins accepted the offer of judgment on May 10, 2016. This is undisputed. Nonetheless, Mr. Mullins argues in his Reply that this court should consider May 5, 2016, as the controlling initial offer date. That is the date that IDS re-tendered the initial offer of judgment following three rejected counteroffers by Mr. Mullins.

Rule 68 anticipates and cures this confusion. Rule 68(b) states: "An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Rule 68(d) states: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Contrary to Mr. Mullins suggestion, this Court does not consider the date that the initial offer is re-tendered to substitute for the date that the offer is made in the first place, nor would this Court look to that date even if the offer of

PAGE 5 – OPINION AND ORDER

judgment was dated May 5, 2016. Instead, under Rule 68, it is clear that Mr. Mullins must bear the burden of costs incurred after March 16, 2016. In the context of ORS 742.061, "attorney fees shall be taxes as part of the costs of the action." ORS 742.061(1).

Because counsel for Mr. Mullins clearly itemizes all costs by date, ECF No. 117-1, the fee award is properly reduced by eliminating items dated after March 16, 2016. Those costs, amounting to $40,180.00, must be discounted. *See* ECF No. 117-1 at 10–12. Subtracting that amount from the total fees sought by Mr. Mullins results in a corrected total of $108,010.00, which I now analyze for reasonableness.

### C. Reasonableness of Fees

Because fees are statutorily available under ORS 742.061, I look to ORS 20.075 to determine reasonableness. Factors to be considered in determining whether the amount of attorney fees awarded is appropriate include the time an attorney devotes to a case, the ultimate disposition and results obtained, the complexity of the issues presented, the value of interests involved, and the professional reputation of the parties' respective attorneys. *Ashley v. Garrison* 986 P.2d 654, 162 Or. App. 585 (1999); *Saiville v. EBI Companies*, 726 P.2d 394, 81 Or. App. 469 (1986), *rev. denied*, 302 Or. 461. Oregon law imbues trial courts with substantial deference in fixing attorney fees. Moreover, the method by which to deduct fees is a matter of judicial discretion. *Hensley v. Eckerhart,* 461 U.S. 424, 436–37, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for limited success. The court necessarily has discretion in making this equitable judgment.")

### i. *Hourly Rates*

Plaintiff first disputes the hourly rates requested by Mr. Jackson and Mr. Jones, which are $350.00 and $300.00, respectively. Plaintiff notes that each attorney practices in the Lower Willamette Valley and has roughly 10–12 years of experience. Courts in this District have consistently used the Oregon State Bar 2012 Economic Survey as an initial benchmark when reviewing fee petitions.[4] Exceptional circumstances may be taken into account for an enhancement of the lodestar figure, including when the prevailing rate does not account for the true market value of an attorney's time or when litigation includes extraordinary expenses or is exceptionally protracted. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 130 S. Ct. 1662, 1674–75, 176 L. Ed. 2d 494 (2010).

Upon review, I do not find that either Mr. Jackson's requested rate of $300.00 per hour or Mr. Jones's requested rate of $350.00 per hour exceed the prevailing market rates in the Oregon State Bar 2012 Economic Survey. While those rates fall into the higher percentiles of those charged by personal injury attorneys in the Lower Valley, they are not egregious or excessive. *See* OREGON STATE BAR 2012 ECONOMIC SURVEY 32 (revised July 2013) (providing hourly billing rates by area of practice for civil litigation personal injury attorneys).

### ii. *Reasonableness in Light of Results Obtained*

The "most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S. Ct. 566 (1996) (citing *Hensley,* 461 U.S. at 436) (internal quotations omitted). Here, the ultimate judgment of $40,000.00 was offered by Plaintiff to resolve Mr. Mullins counterclaim seeking $100,000.00 in damages for breach of contract. *See* Answer, ECF No. 7; Not. of Acc. of Offer, ECF No. 111.

---

[4] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

PAGE 7 – OPINION AND ORDER

IDS recommends that this Court reduce the attorney fee award to 40% of that sought in light of the judgment amounting to 40% of the amount initially sought. Courts in this district have applied similar methods to reducing attorney fee awards where such awards are substantially disproportionate to the degree of success obtained. *See, e.g., Powell v. Sys. Transport, Inc.*, 83 F. Supp. 3d 1016, 1031 (D. Or. 2015). Because the litigious and disproportionate contribution by the defense to this protracted case did little to resolve the actual dispute before the court, and seemed primarily aimed at vexing the plaintiff (*see* ECF No. 41, Exhibit #12, wherein defense counsel states "I make no bones about the fact that I want to wreck IDS"; *see also* ECF No. 41, Exhibit #10, wherein defense counsel states "So I am going to get home another way. And that way is going to be a bit painful for IDS. They picked this fight . . . so they deserve what is coming. I don't feel the least bad for them."), I agree that the 40% approach recommended by IDS is appropriate. This court is not in the business of awarding fees to attorneys who file frivolous and cumbersome discovery requests and briefs aimed more at mocking opposing counsel than furthering thoughtful and efficient litigation (*see* opening sentence of ECF No. 120, calling Plaintiff's counsel a "Headnote lawyer" and questioning his value). I also consider this approach a logical surrogate for wading into the meritorious, complicated, and inextricably intertwined research and duplicative hour arguments introduced in Plaintiff's Opposition to Mr. Mullins's Motion. *See* ECF No. 119 at 10–13.

Applying this reduction to the fees sought by Mr. Mullins, the total amount of awarded fees is $43,204.00.

## CONCLUSION

For the reasons stated above, the Court GRANTS Ms. Ward's fee petition, ECF No. 80, in PART, and ORDERS her to submit an amended fee petition consistent with this order. Additionally, the Court GRANTS Mr. Mullins's fee petition, ECF No. 117, in PART, and awards him the reduced amount of $43,204.00 in attorney fees.

IT IS SO ORDERED.

Dated this 30 day of June, 2016.

                                                  **Michael McShane**
                                           **United States District Judge**